UNITED STATES BANKRUPTCY COURT
WESTERN DISTRICT OF NEW YORK

---

In re

    DAVID ANTHONY LIEBERMAN,

    Debtor.

Bankruptcy Case No. 11-21742-PRW
Chapter 7

---

DAVID ANTHONY LIEBERMAN,

    Plaintiff,

vs.

COUNTY OF WAYNE and
ROBERT DEGRANDE,

    Defendants.

Adversary Proceeding No. 11-02082-PRW

---

**DECISION AND ORDER
DENYING THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
AND DENYING WAYNE COUNTY'S CROSS-MOTIONS FOR SUMMARY
JUDGMENT**

Before the Court are the Plaintiff's "Motion for Partial Summary Judgment on the First and Second Causes of Action" asserted in the Second Amended Complaint ("Complaint") (ECF AP No. 53) ("Motion"), and Wayne County's "Cross-Motion for Summary Judgment" seeking dismissal of the Complaint (ECF AP No. 63). Also before the Court is Wayne County's "Motion to Dismiss the Complaint" for failure to state a claim upon which relief can be granted, pursuant to Rule 12(b)(6) FRCP (ECF AP No. 181), which the Court converted to a motion for summary judgment under Rule 12(d) FRCP at a March 27, 2014 hearing (ECF AP No. 191) (collectively "Cross-Motions"). Taken together, Wayne County's Motions request the dismissal of the Complaint, in opposition to the Plaintiff's Motion for summary judgment. Based on the

submissions of the parties and the record before the Court, the Plaintiff's Motion for partial summary judgment and Wayne County's Cross-Motions for summary judgment are **DENIED**—because the Court finds that a genuine issue of material fact exists as to the value of the subject property on the day of transfer.

The parties' respective motions for summary judgment raise two issues. The first question is whether an *in rem* tax foreclosure conducted by Wayne County—in full compliance with Article 11 of the New York Real Property Tax Law ("NYRPTL")—can be set aside by the trustee as a constructively fraudulent transfer pursuant to 11 U.S.C. § 548(a)(1)(B). This issue was recently addressed by this Court in *Canandaigua Land Development, LLC v. County of Ontario, et al.*, No. 11-02037-PRW, 2014 Bankr. LEXIS 4655 (Bankr. W.D.N.Y. Nov. 5, 2014) ("*Canandaigua*"), holding that a governmental entity conducting an *in rem* tax foreclosure, fully complying with Article 11 NYRPTL, is not entitled to a presumption of reasonably equivalent value, so that the tax foreclosure may be avoided as a constructively fraudulent transfer if the Trustee proves each of the elements under 11 U.S.C. §§ 548(a)(1)(B)(i) and (ii) by a preponderance of the evidence. In this case, the County's numerous submissions invite the Court to again consider this issue—arguing that public policy and the Constitution preclude the Court from setting aside a properly conducted *in rem* tax foreclosure as a matter of law under 11 U.S.C. § 548(a)(1)(B). After considering similar arguments and having decided the legal issue in *Canandaigua*, the Court declines Wayne County's invitation to revisit that issue now. The holding in *Canandaigua* stands for the proposition that Wayne County is not entitled to a *presumption* of having provided reasonably equivalent value in exchange for the real property of the Plaintiff on which Wayne County foreclosed its lien for delinquent taxes.

The second and critical question presented by the parties' competing motions for summary judgment is whether the Plaintiff received "reasonably equivalent value" from the County for the property transferred through the *in rem* tax foreclosure—which is a necessary element that the Plaintiff must prove in order to sustain a claim for constructive fraud under 11 U.S.C. § 548(a)(1)(B). The other elements necessary to sustain an action to set aside a transfer of property as a constructively fraudulent transfer—requiring (1) that the debtor had an interest in the property, (2) that the transfer of that interest occurred within two years of filing the bankruptcy petition, and (3) that the debtor was insolvent or became insolvent as a result of the transfer—are not disputed by the parties.

In *Canandaigua*, this Court concurred with the rationale of a line of cases from the Northern District of New York in finding that reasonably equivalent value under 11 U.S.C. § 548(a)(1)(B)(i) is determined by comparing the "value" of the property—on the day of transfer—to the amount of delinquent property taxes extinguished by the transfer of the property—approximately $6,200 in this case. Those cases from the Northern District include *Clinton Cnty Treasurer v. Wolinsky*, 511 B.R. 34 (N.D.N.Y. 2014); *In re Herkimer Forest Products Co. v. Cnty. of Clinton*, No. 04-13978, 2005 Bankr. LEXIS 3260 (Bankr. N.D.N.Y. 2005), and *In re Harris*, No. 01-10365, 2003 Bankr. LEXIS 2323 (Bankr. N.D.N.Y. 2003). As this Court noted in *Canandaigua*, it is well-settled that the day of transfer is the date of entry of the judgment of foreclosure in favor of the County.

In this case, the date of transfer was May 23, 2011. Unlike *Canandaigua,* however, in this case the value of the property on May 23, 2011 is disputed and remains a genuine issue of material fact. Again, the burden of proving the absence of reasonably equivalent value, by a

3

preponderance of the evidence in admissible form, rests on the Plaintiff. The Plaintiff offers three different values of the property—(1) $48,200.00 based on a November 14, 2011 Appraisal Report by Kenneth Villone ("Villone"), or (2) $48,900.00 based on the 2011 County Tax Assessment, or (3) $32,900.00 based on a March 22, 2013 Appraisal Report by Villone (ECF AP No. 53-1 at ¶ 14; ECF AP No. 53-12 at Exhibits "E" & "F"; ECF AP No. 153 at Exhibit "B").

Wayne County contests the reliability of either of Villone's Appraisal Reports, and submits the affidavit of its own appraiser, Kevin Bruckner, accompanied by a statement of qualifications, as well as photographs of the property appearing to show its dilapidated state. Wayne County also argues that the Court should not rely on the 2011 Tax Assessment as evidence of value as of the date of transfer (ECF AP No. 203 at ¶ 6). Instead, Wayne County points to the amount that co-defendant, DeGrande, actually paid at the public auction conducted one-month after the transfer—$4,185—as evidence of the value of the property. Wayne County offers an affidavit of DeGrande, describing the property's condition immediately following the public auction, and his opinion of the value of the property on the date of the public auction (ECF AP No. 63-12, Exhibits 1 and 2).

The parties' submissions, suggesting vastly differing values for the property, create a genuine issue of material fact as to the value of the property on May 23, 2011. This prevents the Court from rendering summary judgment for either party on the critical issue of whether the Plaintiff received "reasonably equivalent value" from Wayne County in exchange for the property. The competing motions for summary judgment are **DENIED,** pursuant to Rule 56(a) FRCP and Rule 7056 FRBP.

Accordingly, the Court will hold an evidentiary hearing concerning the value of the property on the date of transfer. The evidentiary hearing will be held on **December 30, 2014**, at **10:00 a.m.**; exhibits will be marked at **9:00 a.m.** The parties are directed to exchange and file their lists of witnesses and list exhibits, together with Chambers copies of proposed exhibits—in three-ring binders and labeled in a manner agreed upon by the parties— not later than **12:00 noon, on December 23, 2014**.

IT IS SO ORDERED.

Dated: December 4, 2014  _____/s/_____
      Rochester, New York  HON. PAUL R. WARREN
                                              UNITED STATES BANKRUPTCY JUDGE